**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CIVIL ACTION NO. 23-158-DLB-CJS

CERTIFIED FLOORING INSTALLATION, INC.                                              PLAINTIFF

v.                         **MEMORANDUM OPINION AND ORDER**

JAMES YOUNG                                                                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant James Young ("Young")'s Motion to Dismiss, or, in the Alternative, Transfer.  (Doc. # 18).  Plaintiff Certified Flooring Installation, Inc. ("CFI") has filed a Response (Doc. # 21), and Young filed a Reply (Doc. # 22).  The Motion has been fully briefed and is now ripe for this Court's review.  For the reasons stated herein, Young's Motion (Doc. # 18) is **GRANTED.**

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

CFI is a floor covering and remodeling business that manages and installs floors in Kentucky, Ohio, Indiana, Michigan, and the Mid-South.  (Doc. # 1 ¶ 1).  CFI is a Kentucky corporation with its principal place of business located in Hebron, Kentucky.  (*Id*. ¶ 6).  Young is a citizen and resident of Michigan.  (*Id*. ¶ 7).  Young began his employment with Ultimate Floors in 2004.  (*Id*. ¶ 10).  After CFI acquired Ultimate Floors, Young continued his employment with CFI.  (*Id*. ¶ 11).

In the Complaint, CFI alleges counts of unauthorized use of trade secrets and interference with existing business relationships.  (*Id*. ¶¶ 2, 15-29, 32-48).  Specifically,

1

CFI alleges that Young's "unlawful acts" arose from Young's "unauthorized use of Plaintiff's trade secrets and interference with Plaintiff's existing business relationships." (*Id.* ¶ 2). CFI alleges that the Court has personal jurisdiction over Defendant because

> 1) Young has sufficient contacts with the Commonwealth of Kentucky, 2) Young has sufficient contacts with the Commonwealth of Kentucky (sic) and 3) Young's actions committed against CFI were done with the purpose of injuring CFI and have caused tortious injury to CFI in this district when Young would reasonably expect that CFI would be injured in Kentucky.

(*Id.* ¶ 5). After filing the Complaint, Young filed his Answer, asserting as a defense that this Court lacks personal jurisdiction, and that venue was improper under 28 U.S.C § 1391(b) and/or 28 U.S.C § 1404(a).[1] (Doc. # 11 at 1-2). Young also asserted counterclaims which included breach of contract based on theories of promissory estoppel and unjust enrichment. (*Id.* at 1-19).

On May 31, 2024, Young filed the instant Motion, reiterating his position that CFI's allegations are "insufficient to support the existence of personal jurisdiction" and that "venue was improper." (Doc. # 18 at 3). Young maintains that personal jurisdiction is improper because he "resides in Michigan and lacks sufficient contacts with the Commonwealth of Kentucky." (*Id*. at 3-4). In the alternative Young argues that this Court should transfer the case to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). (*Id*.).

CFI filed a Response, arguing that this Court has personal jurisdiction because Young waived any defense to personal jurisdiction when he failed to file in time under Rule 12 of the Federal Rules of Procedure, filed a notice of appearance, filed a *pro hac vice* motion, included counterclaims within his Answer, and then subsequently defended

---

[1] CFI then moved to dismiss Young's counterclaims. (Doc. #12). After briefing, (Docs. # 13 and 14), this Court granted CFI's motion to dismiss, with prejudice. (Doc. # 15).

those counterclaims. (Doc. # 21 at 4). Additionally, CFI asserts that even if Young did not waive jurisdiction, CFI has established jurisdiction in accordance with Kentucky's long-arm statute and federal due process requirements. (*Id*. at 1). Young filed a Reply, arguing that he did not waive his right to challenge personal jurisdiction because he timely filed his Response under Rule 12, and that assertion of counterclaims do not waive the right to assert lack of personal jurisdiction. (Doc. # 22 at 1-3). Moreover, Young reiterated that he is not subject to the Kentucky long-arm statute, there is not sufficient due process, and that if this Court finds there is personal jurisdiction, venue is improper. (*Id*. at 7-9). The Court will consider the arguments herein.

## II. ANALYSIS

### A. Standard of Review

When a defendant brings a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to establish that the court has personal jurisdiction over each defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). If the court has not conducted an evidentiary hearing, then the plaintiff's burden is "relatively slight," and the plaintiff must only make a prima facie showing of personal jurisdiction. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008); *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The plaintiff "can meet this burden by 'establishing with reasonable particularity sufficient contacts between [Young] and the forum state to support jurisdiction.'" *Neogen*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987)). The court views the pleadings, affidavits, and additional evidence in the light most favorable to the plaintiff and "does not

3

weigh the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459.

If the defendant, however, submits "a properly supported motion for dismissal, [then] the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458; *see also Parker v. Winwood*, 938 F.3d 833, 839-40 (6th Cir. 2019); *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012); *Carrier Corp. v. Outokumpu Oyi*, 673 F.3d 430, 449 (6th Cir. 2012). In the face of "affirmative evidence showing that the court lack[s] jurisdiction," the plaintiff's "mere allegations of jurisdiction are not enough." *Parker*, 938 F.2d at 839-40. If the plaintiff fails to put forth specific facts in opposition of a properly-supported motion to dismiss for lack of personal jurisdiction, then the court will "find personal jurisdiction lacking unless there are sufficient allegations in the complaint to establish personal jurisdiction which *stand unrefuted* by the sworn evidence provided" by the defendant. *Babcock Power, Inc. v. Sterling Grp., LP.*, No. 3:16-cv-789-CRS, 2017 WL 3161624, at *2 (W.D. Ky. July 25, 2017) (emphasis added).

A federal court sitting in diversity must look to the law of the forum state to determine the reach of the district court's personal jurisdiction over parties, subject to constitutional due process requirements. *Air Prods. & Controls, Inc. v. Safetech, Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). Kentucky requires that personal jurisdiction be proper under both the Kentucky long-arm statute and the federal Due Process Clause. *See id.* "The Kentucky Supreme Court has held that the state's long-arm statute (K.R.S. § 454.210) does not reach the outer limits of the Due Process Clause." *Hall v. Rag- O-*

*Rama, LLC*, 359 F. Supp. 3d 499, 505 (E.D. Ky. Jan. 8, 2019) (citing *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011)).

Therefore, analysis of personal jurisdiction under Kentucky law is a "two-step process." *Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015) (citing *Caesars Riverboat Casino*, 336 S.W.3d at 57). "First, a court must look to see if the cause of action arises from the type of conduct or activity that is enumerated in the [Kentucky long-arm] statute itself." *Id.* If there is jurisdiction under the long-arm statute, "then the court must assess whether 'exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.'" *Id.*

**B.     Waiver**

CFI asserts that Young waived his right to the defense of lack of personal jurisdiction. (Doc. # 21 at 4). Although Rule 12(b)(2) provides for a defense based on lack of personal jurisdiction, such a right can be waived "explicitly or implicitly." *Gerber v. Riordan*, 694 F.3d 514, 518 (6th Cir. 2011). Under Fed. R. Civ. P. 12(h)(1), a defense of lack of jurisdiction is waived "if it is neither made by motion under this rule nor included in a responsive pleading or an amendment . . . ." A defendant who has included the defense within their responsive pleading may still implicitly waive the defense. If, upon conducting a fact specific analysis, a court finds that the defendant's actions in litigation are so extensive that they give the plaintiff a "reasonable expectation that [the defendant] will defend the suit on the merits" or would "cause the court to go to some effort that would be wasted" then the defendant has waived the defense of personal jurisdiction. *Blessing v. Chandrasekhar*, 988 F.3d 889, 895-97 (6th Cir. 2021) (quoting *Gerber*, 694 F.3d at 519).

5

CFI alleges that Young waived his right to the defense of personal jurisdiction in two ways. First, CFI argues that Young waived the right by failing to file the motion for lack of personal jurisdiction within 60 days of the waiver of service. (Doc. #21 at 4). Second, CFI claims that Young waived his right to the defense due to his "full participation in litigation" and causing this Court to "exert effort" in this action. (*Id*. at 5). The Court addresses both arguments in turn.

### 1. Young Timely Asserted the Defense of Lack of Personal Jurisdiction

CFI argues that Young failed to timely assert his defense when he did not file a motion for lack of personal jurisdiction within 60 days of the waiver of service. (*Id*. at 4). Specifically, CFI asserts that under Rule 12(a)(1)(A)(ii) "a defendant who has waived service must move to dismiss for lack of personal jurisdiction within sixty days of the waiver." (*Id*.) (quoting *State Auto Ins. Co. v. Thomas Landscaping & Const., Inc.*, 494 F. App'x 550, 552 (6th Cir. 2012). The Court disagrees.[2]

Pursuant to Rule 12(b)(2), the defense for lack of personal jurisdiction may be asserted in a responsive pleading or by motion. Under Rule 12(h)(1)(B)(i)-(ii), a party waives the defense to personal jurisdiction if the party fails to assert it by motion or by including it in a responsive pleading. Finally, pursuant to Rule 12(a)(1)(A)(ii), a defendant who has "timely waived service under Rule 4(d)" must serve an answer "within 60 days after the request for a waiver was sent . . . ." Thus, under the Federal Rules, a defendant has the right to assert their defense of lack of personal jurisdiction in a responsive

---

[2] CFI's assertion that a motion to dismiss for lack of personal jurisdiction must be filed within 60 days of the waiver was a direct quote from *State Auto*. However, the Sixth Circuit in *State Auto* later noted the correct standard stating that "[p]ersonal jurisdiction may be waived under Rule 12(h) of the Rules of Civil Procedure if not raised by a motion prior to pleading or included in a responsive pleading." *State Auto,* 494 F. App'x at 553.

pleading, such as an answer. If service of process is waived, that answer may be filed within 60 days after the request for a waiver is sent. Therefore, a party who waives service of process has 60 days to file their answer, which pursuant to the Federal Rules, may contain the defense of personal jurisdiction. The Federal Rules do not require a defendant to move to dismiss for lack of personal jurisdiction within 60 days, merely that the defense be asserted, whether by motion or responsive pleading, within those 60 days.

Here, Young had 60 days from November 16, 2023, to assert his personal jurisdiction defense. Young filed his Answer, which stated that "[t]his Court lacks personal jurisdiction over the Defendant" on January 16, 2024, thus falling within the 60-day time limit.[3] (Doc. # 11 at 11, ¶ 1). Therefore, Young did not waive the defense for failure to timely assert it.

### 2. *Young Has Not Extensively Participated in Litigation nor Caused the Court to Exert Effort That Would be Wasted*

CFI also argues that Young waived his right to the defense due to his full participation in litigation which has also caused this Court to exert effort in this action. Specifically, CFI states that Young waived his right by filing a notice of appearance and motion for *pro hac vice*, filing three counterclaims, and engaging in a Rule 26(f) conference. (Doc. # 21 at 4).

Although previous Sixth Circuit decisions have construed a notice of appearance to independently waive personal jurisdiction, the Sixth Circuit has since clarified that standard. *See Blessing* 988 F.3d 889. In *Blessing*, the court found that defendant's notice

---

[3]     Sixty days from November 16, 2023, was Monday, January 15, 2024, which was Martin Luther King, Jr. Day, a federal legal holiday. Pursuant to LR 6.2, "when any period of time set by Order of the Court or otherwise ends on a date certain and that date falls upon a Saturday, Sunday, or a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

7

of appearance and *pro hac vice* motion did not amount to a waiver of personal jurisdiction. *Id*. at 901. Rather, *Blessing* held that it is the "totality of the litigation conduct, not just a notice of appearance," that would cause defendants to waive that defense. *Id.* at 898 (citing *Rauch v. Day & Night Mfg. Corp.* 576 F.2d 697 (6th Cir. 1978)). Thus, this Court's analysis must focus on whether the notice of appearance, in conjunction with the filing and supporting of the counterclaims and participation and submission of the Rule 26(f) Report, is sufficient to find that Young waived the personal jurisdiction defense. *See King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012) (a court should consider "all relevant circumstances" when deciding whether defendant waived personal jurisdiction). In addition to the notice of appearance and *pro hac vice* motion, the only other actions that CFI asserts Young took were: (1) filing and defending counterclaims and (2) conferring and submitting a joint Rule 26(f) Report. Considering the totality of the circumstances, the Court concludes that these actions were not sufficient to waive Young's right to the defense of personal jurisdiction.

The Sixth Circuit has not addressed the issue of whether the filing of a counterclaim operates as a waiver to personal jurisdiction. However, numerous federal courts of appeals have addressed the issue, holding that "the filing of a counterclaim, in and of itself, does not operate as a waiver to personal jurisdiction." *H.H. Franchising Systems. Inc. v. Klaits*, No. 1:12cv709, 2014 WL 1308505, at *3 (S.D. Ohio Mar. 31, 2014) (collecting cases). This Court similarly concludes that simply by filing his counterclaims with his Answer, Young did not waive his right to the defense of lack of personal jurisdiction. The question, then, is whether by defending the counterclaims after CFI filed

8

a motion to dismiss and jointly submitting a Rule 26(f) Report, Young engaged in extensive participation in litigation.

Here, Young has not participated in any way that would lead CFI to have a "reasonable expectation that [Young would] defend the suit on the merits." *Blessing*, 988 F.3d at 895. In *Estate of Vincent J. Gibson v. Daimler N. Am. Corp.*, the defendant waited 18 months before filing a motion to dismiss, participated in the Rule 26(f) planning meeting and subsequent filing, hired an expert, sent letters to opposing counsel requesting a dismissal, provided initial disclosures, supplemented those initial disclosures, negotiated a protective order, and suggested a settlement discussion and requested a settlement demand. 638 F.Supp.3d 735, 742 (E.D. Ky. Nov. 3, 2022). Despite the actions of the defendant, this Court found that the defendant did not waive the personal jurisdiction defense. *Id*.

Like the plaintiff in *Estate of Vincent J. Gibson*, CFI points to Young's participation in the Rule 26(f) conference as a basis for wavier of the defense of lack of personal jurisdiction. As noted in *Gibson*, parties' participation in the Rule 26(f) planning meeting are "standard preliminary matters required by the Rules of Civil Procedure." *Id*. (citing Fed. R. Civ. P. 26(f) (Parties "must" confer to plan discovery)); *see also Betco Corp., Ltd. v. Peacock*, No. 3:12-cv-1045, 2014 WL 809211, at *4 (N.D. Ohio Feb. 28, 2014) (quoting 2 Moore's Federal Practice, § 12.31[3] (3d ed. 2012)) (Personal jurisdiction not waived "by litigating preliminary matters without pressing the defense unless doing so gives the plaintiff a reasonable expectation that the defendant intends to defend on the merits, or causes the court to expend some effort that would be wasted if personal jurisdiction is later found to be lacking.").

9

As previously mentioned, this court has declined to find that the filing of counterclaims, in and of itself, is enough to waive personal jurisdiction. Moreover, filing a notice of appearance, and a *pro hac vice* motion, as well as participating in a Rule 26(f) conference are insufficient to establish waiver. Thus, CFI's last assertion is that Young, in defending his counterclaims, established extensive participation or caused this Court to exert effort. While Young did participate in defending his counterclaims, this was a reactive response as CFI, not Young, filed the motion to dismiss. *See Gibson*, 638 F. Supp. 3d at 740-42 (finding that the defendant did not waive the personal jurisdiction defense despite the fact that both parties briefed choice of law issues, which the court subsequently ruled on.). Moreover, the personal jurisdiction defense was not merely referenced in the Answer. The Rule 26(f) Report, signed by both parties following this Court's dismissal of Young's counterclaims, stated that there were jurisdictional issues, and that Young intended to file a motion to dismiss. (Doc. # 16 at 2). This was reiterated by this Court's own Scheduling Order, which stated that any motions related to jurisdiction or venue must be submitted by May 31, 2024. (Doc. # 17 at 1). Thus, CFI knew Young's position on the matter and therefore cannot argue that they had a "reasonable expectation that [Young would] defend the suit on the merits." *Gerber*, 649 F.3d at 519.

For the above reasons, the Court concludes that Young has not waived his right to the defense of lack of personal jurisdiction.

### C. Kentucky Long-Arm Statute

In assessing personal jurisdiction, the Court conducts a two-part test that first requires a determination of whether Kentucky's long-arm statute is applicable. The Kentucky long-arm statute provides nine categories of conduct which may subject a

defendant to personal jurisdiction in a Kentucky court. K.R.S. § 454.210. A person is subject to the Kentucky long-arm statute whether he "acts directly or by an agent, as to a claim arising from" the enumerated conduct in order for personal jurisdiction to lie. *Id.* at § 454.210(2)(a). "A claim 'arises from' certain conduct when there is a 'reasonable and direct nexus' between the conduct causing injury and the defendant's activities in the state." *Holbrook v. Mazda Motor Corp.*, 6:17-cv-244-DCR, 2018 WL 1571905, at *2 (E.D. Ky. Mar. 30, 2018) (citing *Caesars Riverboat Casino*, 336 S.W.3d at 57). Courts "ultimately have to depend upon a common sense analysis, giving the benefit of the doubt in favor of jurisdiction," when determining whether the plaintiff's claims arise from the defendant's actions. *Caesars*, 336 S.W.3d at 59.

In addition to these subdivisions, the Kentucky long-arm statute requires the claim to arise from the conduct, meaning CFI must show a "reasonable and direct nexus" between the conduct causing injury and Young's activities in Kentucky. *See* K.R.S. § 454.210(2)(a); *Holbrook*, 2018 WL 1571905, at *2.

In this case, CFI invokes K.R.S. § 454.210(2)(a)(1), which provides for personal jurisdiction over a defendant who "transact[s] any business in Kentucky." K.R.S. § 454.210(2)(a)(1). Additionally, CFI invokes K.R.S. § 454.210(2)(a)(4) which provides for personal jurisdiction over a defendant who causes "tortious injury in this Commonwealth by an act or omission . . . outside this Commonwealth . . . ." K.R.S. § 454.210(2)(a)(4).

### 1. Young has not "transact[ed] any business" in Kentucky within the meaning of K.R.S. § 454.210(2)(a)(1)

There is no agreed-upon interpretation of what it means to "transact any business" in Kentucky under the long-arm statute. *See Hall*, 359 F. Supp. 3d at 505-06 (collecting cases). Nevertheless, federal courts in Kentucky have employed several different

approaches. First, courts have relied on the plain meaning of "transacting business." "Black's Law Dictionary defines 'transact' as '[t]o carry on or conduct (negotiations, business, etc.) to a conclusion.'" *Childress Cattle, LLC v. Cain*, 2017 WL 3446182, at *3 (W.D. Ky. Aug. 10, 2017) (quoting *Aces High Coal Sales, Inc. v. Cmty. Tr. & Bank of W. Georgia*, No. CV 15-161-DLB-HAI, 2017 WL 3122661, at *14 (E.D. Ky. July 21, 2017)). Other Kentucky district courts ask whether there has been "a course of direct, affirmative actions within a forum that result in or solicit a business transaction." *Gentry v. Mead*, No. 16-cv-100-DLB-CJS, 2016 WL 6871252, at *3 (E.D. Ky. Nov. 21, 2016) (quoting *Modern Holdings, LLC v. Corning, Inc.*, No. 13-CV-405, 2015 WL 1481443, at *6 (E.D. Ky. Mar. 31, 2015)). This Court has found the "transacting business" prong satisfied when the defendant sent emails to a Kentucky resident, knowing he was in Kentucky, asking him to "send samples and instructions for his products, which [the plaintiff] fulfilled from Kentucky." *Eat More Wings, LLC v. Home Market Foods, Inc.*, 282 F. Supp. 3d. 965, 970 (E.D. Ky. 2017). Alternatively, the Western District of Kentucky declined to find that the statute extended to a Tennessee defendant that communicated with a Kentucky plaintiff by telephone and email "but that provided services for the plaintiff exclusively in Tennessee." *Hall*, 359 F. Supp. 3d at 506 (quoting *Envirometric Process Controls, Inc. v. Adman Elec., Inc.*, No. 3:12-cv-62-S, 2012 WL 4023789, at *2-3 (W.D. Ky. Sept. 12, 2012)).

Moreover, contacts in connection with a contract do not constitute "transacting any business" when the defendant lacks any other considerable contacts with Kentucky. In *V-Soft Consulting Group, Inc. v. Logic Corp.*, the Western District of Kentucky declined to exercise personal jurisdiction despite the fact that defendants contracted with a Kentucky

12

business, engaged in communications with the Kentucky business, and sent payment to the Kentucky business. No. 3:16-CV-425-DJH, 2017 WL 1228402, at *1 (W.D. Ky. Mar. 31, 2017). The court determined that defendants had not transacted business in Kentucky because the only true contact with Kentucky was the contract itself. *Id.* at *5. The court also noted that the defendant was not licensed to do business in Kentucky, had no physical presence in Kentucky, and the contract was to be performed outside of Kentucky. *Id.* Similarly, in *Envirometric Process Controls, Inc. v. Adman Electric, Inc.*, the court found that a contract which had been negotiated via phone and email, but was ultimately performed outside of Kentucky, did not constitute "transacting business" in the Commonwealth. Similar to *V-Soft*, the defendant in *Envirometric* was not licensed to do business in Kentucky nor did they have any physical presence in Kentucky. No. 3:12-CV-62-S, 2012 WL 4023789, at *2-3; s*ee also Thompson v. Koko*, No. 3:11-CV-648-H, 2012 WL 374054, at *2 (W.D. Ky. Feb. 3, 2012) (finding that "confirming receipt of a wire, sending account statements, and responding to a demand letter [] do not amount to transacting business . . .").

Additionally, federal courts have found a lack of "transacting any business" in Kentucky when the contacts concern the activities of the plaintiff rather than those of the defendant. *See Spectrum Scan, Inc. v. AGM CA*, 3:07-cv-72-H, 2007 WL 2258860, at *3 (W.D. Ky. Aug. 2, 2007) ("[T]he key inquiry in personal jurisdiction cases concerns the activities of the *defendant*, not the plaintiff.") (emphasis in the original). For example, in *Churchill Downs, Inc. v. NLR Entertainment, LLC*, the parties formed a contract in which the plaintiff would fulfil its obligations in Kentucky. No. 3:14-CV-166-H, 2014 WL 2200674, at *6 (W.D. Ky. May 27, 2014). Nonetheless, the court held that the defendants

13

did not transact business in Kentucky, in part because it found the plaintiff's actions in Kentucky to fulfill their own contractual obligations "d[id] not speak to Defendants' actions" and thus were irrelevant. *Id.* In contrast, where there are clear, affirmative efforts by the defendant to result in or solicit business in Kentucky, courts have found that defendants are "transacting any business" as provided by the statute. *See Caesars* 336 S.W.3d at *58 (long-arm statute satisfied when the defendants heavily advertised in Kentucky and engaged in "substantial civic and charitable activities" in the Commonwealth.).

Here, CFI argues that Young transacted business in the Commonwealth by: (1) entering into an employment relationship with a Kentucky corporation; (2) being trained by CFI and receiving access to proprietary and sensitive information; (3) receiving compensation and benefits that were provided from and funded from Kentucky; (4) being given tools to perform his job from Kentucky; (5) continuing to receive instruction and interactions with management; and (6) misappropriating proprietary information. (Doc. # 21 at 6-8). For the following reasons, CFI's assertions are insufficient to show that Young has "transacted business" in Kentucky.

First, entering an employment relationship; communications via phone and email; and receiving compensation, benefits, and a vehicle are insufficient because Young lacks any other considerable contacts with Kentucky outside of the employment relationship. Similar to *V-Soft* and *Envirometric*, CFI has failed to allege that Young was contracted to do business in Kentucky, or ever had a physical presence in Kentucky. In fact, the parties agree that Young lives in Michigan and that his work territory included Michigan and Northern Ohio, not Kentucky. (Doc. # 1 ¶ ¶ 7, 21) ("Young was responsible for managing and supervising CFI's territory, projects and installation crews in Grand Rapids, Michigan,

14

as far north as Ludington and as far south as Benton Harbor, Michigan, Kalamazoo, Michigan, Detroit Metro Ara, Toledo Ohio and Bowling Green Ohio."). Young's communications via phone and email, receipt of compensation and benefits, and receipt of the company issued vehicle are insufficient because Young lacks any other appreciable contacts with Kentucky outside of the employment relationship.

Second, although CFI performed their part of the employment contract in Kentucky, personal jurisdiction analysis focuses on the contacts of the defendant, rather than the plaintiff. *See Churchill Downs*, 2014 WL 2200674, at *6 (plaintiff's actions in Kentucky to fulfill their own contractual obligations "d[id] not speak to Defendants' actions"). Here, similar to *Churchill Downs*, the Court cannot establish personal jurisdiction over Young based on CFI performing their end of the contract duties in Kentucky. CFI provided a declaration that established that: (i) CFI is a Kentucky corporation, (ii) CFI issued promotions and salary adjustments to Young from its headquarters in Kentucky, (iii) CFI gave Young access to sensitive information, (iv) CFI provided and governed the contracts between Young and his health and wellness benefits (v) CFI funded Young's 401K from its Kentucky headquarters, (vi) CFI purchased and issued a company vehicle to Young from Kentucky, (vii) CFI reimbursed Young's phone in Kentucky, and (viii) CFI's Chief Executive Officer and president Todd Jones directed and communicated with Young from CFI's headquarters in Kentucky. (Doc. # 21-1 ¶ ¶ 2, 4-10). Although CFI attempted to frame these actions as Young being in receipt of these actions, subjecting him to the long arm statute, these actions speak entirely to CFI's conduct. These actions therefore "do not speak to [Young's] actions" and are "irrelevant." *Churchill Downs, Inc.* 2014 WL 2200674, at *6.

For the above reasons, the Court concludes that Young did not transact business in Kentucky within the meaning of K.R.S. § 454.210(2)(a)(1).

### 2. *Young Has Not Caused a Tortious Injury Within the Meaning of K.R.S. § 454.210(2)(a)(4).*

As a second basis for personal jurisdiction, CFI argues that Young caused a tortious injury in the Commonwealth by an act or omission outside the Commonwealth under K.R.S. § 454.210(a)(4). (Doc. # 21 at 7-8). With respect to subsection (4) of the statute, the Court has personal jurisdiction over a person acting directly or by an agent to cause a tortious injury in Kentucky by an act or omission outside of Kentucky, if the party "does or solicits business" or "derives substantial revenue from goods used or services rendered in Kentucky." K.R.S § 454.210(a)(4). In other words, CFI must show that Young was regularly doing or soliciting business such that he was making a profit from goods or services provided in Kentucky while the injury occurred.

CFI asserts that Young, while employed at CFI and having access to proprietary information, engaged with a direct competitor of CFI, which led to tortious injury. (Doc. # 21 at 8). However, nothing established by CFI indicates that Young was soliciting business in Kentucky. As established above, Young was not "transacting business" in Kentucky while employed with CFI. *See Cty. of Pikeville v. Cebridge Acquisition, LLC*, No. 22-cv-64-DLB-CJS, 2023 WL 5251814, at *3 (E.D. Ky. Aug. 15, 2023) ("Only when a business transaction has been proven does the 'any' analysis come into play. It is not enough that something happened in Kentucky. The action must be a transaction of business."). Moreover, there is no dispute that the competitor's principal place of business is in Ohio. (Doc. #1 ¶ 28; Doc. # 11 ¶ 28). Thus, even if it was established that Young was soliciting business or deriving substantial revenue from services rendered by

16

CFI's competitor, the competitor being an Ohio based corporation does not indicate that Young solicited business and derived substantial revenue in Kentucky, as required by the statute.

Accordingly, because Young's contacts with Kentucky do not amount to "transacting any business" nor "causing injury," the Court need not consider the "arising from" prong of the Kentucky long-arm statute. Moreover, because CFI cannot show that the Court has personal jurisdiction over Young via the Kentucky long-arm statute, the Court need not determine whether the exercise of personal jurisdiction over Young "would offend federal due process standards." *Caesars Riverboat Casino*, 336 S.W.3d at 59.

### III.   CONCLUSION

Accordingly, as CFI has not adequately demonstrated that the Court has personal jurisdiction Young, and for the reasons set forth herein,

**IT IS ORDERED** that:

(1) Young's Motion to Dismiss (Doc. # 67) is **GRANTED**; and

(2) All claims against James Young are dismissed for lack of personal jurisdiction.

This 17th day of September, 2024.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2023\23-158  MOO on MTD for PJ.docx